UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
CHRISTINE BLITSTEIN and ALLEN BLITSTEIN,

                      Plaintiffs,

    -against-

THE WALT DISNEY COMPANY and THE WALT
DISNEY COMPANY d/b/a WALT DISNEY
WORLD CO.,

                      Defendants.
----------------------------------------------------------------- x

**JUDGE BRIEANT**

**07 CV 10604**

07 Civ. _____

**VERIFIED PETITION
FOR REMOVAL**

FILED 2007 NOV 27 AM 11:59 U.S. DISTRICT COURT S.D. OF N.Y.

TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:

      The petition of The Walt Disney Company a body corporate of the State of Delaware, sued herein as The Walt Disney Company and The Walt Disney Company d/b/a Walt Disney World Co., for removal of this action from the Supreme Court of the State of New York, County of Putnam, to the United States District Court for the Southern District of New York, respectfully shows to this Honorable Court that:

      1.    Your Petitioner, The Walt Disney Company (sometimes referred to as "Petitioner") is named as a defendant in a complaint in a civil action brought against it in the Supreme Court, State of New York, County of Putnam, entitled: <u>Christine Blitstein and Allen Blitstein v. The Walt Disney Company and The Walt Disney Company d/b/a Walt Disney World Co.</u>, (Index No. 2670/07).

Copies of the Summons and Complaint in that action, which plaintiffs claim to have served on Petitioner are attached hereto as Exhibits.

2.   Plaintiffs in the aforesaid action aver claims or causes of action against Petitioner for what appear to be personal injuries arising out of an incident at the Walt Disney World Resort in Orlando, Florida. The Complaint seeks damages in an unspecified amount for personal injuries. During a November 7, 2007 telephone conversation, Plaintiffs' counsel advised Petitioner that these injuries include, among other things, injuries to plaintiff Christine Blitstein's right ankle and left knee. Plaintiffs' counsel further advised Petitioner that the injury to plaintiff Christine Blitstein's left knee required surgery to treat. Plaintiffs' pleadings also include a loss of consortium claim on behalf of plaintiff Allen Blitstein.

3.   Based on the foregoing information, Petitioner presently believes the matter in controversy is in excess of seventy five thousand ($75,000) dollars as alleged by plaintiffs in the Complaint.

4.   At the time of the commencement of this action, and now, the controversy described in paragraphs two and three, supra, is between plaintiffs who, according to the attached Complaint, reside in the County of Putnam in the State of New York, and your Petitioner, a body corporate of the State of Delaware, with its principal place of business at 500 South Buena Vista Street, Burbank, California[1].

---

[1] Petitioner advised plaintiffs' counsel telephonically and subsequently by letter dated November 7 2007, that plaintiffs had sued Petitioner in the wrong court because Petitioner, a Delaware corporation, does not own or operate The Walt Disney World Resort and that the likely proper defendant, Walt Disney World Co. ("World Co."), is a Florida corporation that does not do business in the State of New York, is not a

5.   This action is one over which this Court has original jurisdiction by virtue of diversity of citizenship and the amount in controversy (28 U.S.C. §1332). Since Petitioner is not a citizen of and does not have its principal place of business in the State of New York, the action is removable to this Court by Petitioner pursuant to 28 U.S.C. §1441(a).

WHEREFORE, your Petitioner prays that this cause proceed in this Court as an action properly removed thereto.

Dated:   New York, New York
         November 26, 2007

By: _____
ALEC M. LIPKIND, ESQ. (AML-3185)
The Walt Disney Company
Corporate Legal Department
Attorney for Defendants
77 West 66th Street, 15th Floor
New York, NY 10023
(212) 456-7176

---

citizen of the State of New York, does not have principal places of business in the State of New York, and as set forth in a number of opinions is not subject to the personal jurisdiction of the federal and state courts located in New York. See, e.g., Abramson v. The Walt Disney Company, (E.D.N.Y., Memorandum & Order dated December 30, 2003) at p. 8 (Amon, J.) ("the Court declines to find that it has personal jurisdiction over World Co."); Intermor v. Walt Disney Company, 201 F. Supp. 116, 121 (E.D.N.Y. 2003) (Johnson, J.) (there is no personal jurisdiction over World Co. under New York's laws); Schenk v Walt Disney Co., 742 F.Supp. 838, 842 (S.D.N.Y., 1990)(Cannella, J.) (the Court lacks jurisdiction over World Co.); Grill v Walt Disney Co., 683 F. Supp. 66 (S.D.N.Y. 1988) (Mukasey, J.) (World Co. is not subject to in personam jurisdiction in New York); Landis v Walt Disney World Co., 94 Civ. 155 (E.D.N.Y., slip op. May 23, 1994) at p. 4 n.3 (Dearie, J.) ("Reasonable diligence would have led the plaintiff to conclude that Walt Disney World Co. is not subject to personal jurisdiction in New York.")

## VERIFICATION

STATE OF NEW YORK  )
                                      : ss.:
COUNTY OF NEW YORK)

ALEC M. LIPKIND, being duly sworn, deposes and says:

I am a Vice President, Counsel of The Walt Disney Company, and one of the attorneys for Petitioner. I am authorized to verify the above petition on behalf of The Walt Disney Company. I have read the foregoing petition for removal and am familiar with the contents thereof, and the same is true to my knowledge.

_____
ALEC M. LIPKIND

Sworn to before me this
26th of November, 2007

_____
Notary Public

KATHRYN E. WILLIAMS
Notary Public, State of New York
No. 01WI5026055
Qualified in Bronx County
Commission Expires April 11, 2010

Blitstein\verification

Ex. A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
---------------------------------------------------------------x
CHRISTINE BLITSTEIN and ALLEN BLITSTEIN,
                                    Plaintiffs,

-against-                                                         Index No.: 2670/07

THE WALT DISNEY COMPANY and THE WALT
DISNEY COMPANY d/b/a WALT DISNEY
WORLD CO.,
                                    Defendants.
---------------------------------------------------------------x

## SUMMONS

Venue: Putnam County
The basis of the Venue is the Plaintiffs' Residence

Plaintiffs' residence: 73 Pennebrook Lane, Carmel, New York 10512

Defendants' residence:
THE WALT DISNEY COMPANY – 77 West 66th Street 15th Floor, New York, New York 10023
THE WALT DISNEY COMPANY d/b/a WALT DISNEY WORLD CO. – 77 West 66th Street 15th Floor, New York, New York 10023

To the Above Named Defendants:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint and interest from December 1, 2006, together with costs and disbursements of this action.

Dated: October 16, 2007

DANIEL S. FINGER, ESQ.
FINGER & FINGER
A Professional Corporation
Attorneys for Plaintiff
158 Grand Street
White Plains, NY 10601
(914) 949-0308

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
---------------------------------------------------------------X
CHRISTINE BLITSTEIN and ALLEN BLITSTEIN,

                                Plaintiffs,                Index No.: 2670/07

       -against-

THE WALT DISNEY COMPANY and THE WALT      VERIFIED COMPLAINT
DISNEY COMPANY d/b/a WALT DISNEY
WORLD CO.,

                              Defendants.
---------------------------------------------------------------X

2007 OCT 16 AM 10:22 PUTNAM COUNTY CLERK

       Plaintiff, as and for his Verified Complaint, by their attorneys Finger & Finger, A Professional Corporation, respectfully alleges:

                          AS AND FOR A FIRST CAUSE OF ACTION

1.     At all times herein mentioned, the Plaintiffs were and are residents of the State of New York, County of Putnam and resides at 73 Pennebrook Lane, Carmel, New York 10512.

2.     Upon information and belief, at all times mentioned herein, the defendant THE WALT DISNEY COMPANY was a foreign business corporation organized and existing under the laws of the state of Delaware and maintained a place of business and offices in the State of New York and County of New York at 77 West 66th Street 15th Floor, New York, New York 10023.

3.     Upon information and belief, at all times mentioned herein, the defendant THE WALT DISNEY COMPANY d/b/a WALT DISNEY WORLD CO., was a foreign business corporation organized and existing under the laws of the state of Delaware and maintained a place of business and offices in the State of New York and County of New York at 77 West 66th Street 15th Floor, New York, New York 10023.

4.     Upon information and belief, at all times mentioned herein, the defendant THE WALT DISNEY COMPANY was a foreign business corporation organized and existing under the laws of the state of Delaware, licensed to do business in the state of New York and maintained a place of business and offices in the State of New York and County of New York at 77 West 66th Street 15th Floor, New York, New York 10023.

5. Upon information and belief, at all times mentioned herein, the defendant THE WALT DISNEY COMPANY d/b/a WALT DISNEY WORLD CO., was a foreign business corporation organized and existing under the laws of the state of Delaware, licensed to do business in the state of New York and maintained a place of business and offices in the State of New York and County of New York at 77 West 66th Street 15th Floor, New York, New York 10023.

6. Upon information and belief, at all times mentioned herein, the defendants THE WALT DISNEY COMPANY and THE WALT DISNEY COMPANY d/b/a WALT DISNEY WORLD CO., (hereinafter collectively the "Defendants" or "Disney") owned a property known as "Disney World" and/or "Walt Disney World" located in Lake Buena Vista, Florida 32830 (hereinafter the "Premises").

7. Upon information and belief, at all times mentioned herein, the Premises contained an amusement park or parks, including but not limited to those known as "The Magic Kingdom" and "Epcot Center" (hereinafter the "Parks").

8. Upon information and belief, that at all times herein mentioned, the Defendants, their agents, servants, and/or employees operated, maintained, and controlled the lands, Parks and Premises.

9. Upon information and belief, that at all times herein mentioned, the Defendants operated the Premises.

10. Upon information and belief, that at all times herein mentioned, the Defendants maintained the Premises.

11. Upon information and belief, that at all times herein mentioned, the Defendants controlled the Premises.

12. Upon information and belief, that at all times herein mentioned, the Defendants supervised the Premises.

13. Upon information and belief, that at all times herein mentioned, the Defendants leased the Premises.

14. Upon information and belief, that at all times herein mentioned, the Defendants

operated the Parks at the Premises.

15. Upon information and belief, that at all times herein mentioned, the Defendants maintained the Parks at the Premises.

16. Upon information and belief, that at all times herein mentioned, the Defendants controlled the Parks at the Premises.

17. Upon information and belief, that at all times herein mentioned, the Defendants supervised the Parks at the Premises.

18. Upon information and belief, that at all times herein mentioned, the Defendants supervised the operation of the Premises.

19. Upon information and belief, that at all times herein mentioned, the Defendants supervised the maintenance of the Premises.

20. Upon information and belief, that at all times herein mentioned, the Defendants supervised the control of the Premises.

21. Upon information and belief, that at all times herein mentioned, the Defendants supervised the control of the Parks at the Premises.

22. Upon information and belief, that at all times herein mentioned, the Defendants supervised the operation of the Parks at the Premises.

23. Upon information and belief, that at all times herein mentioned, the Defendants supervised the maintenance of the Parks at the Premises.

24. Upon information and belief, that at all times herein mentioned, the Defendants supervised the management of the Premises.

25. Upon information and belief, that at all times herein mentioned, the Defendants supervised the management of the Parks at the Premises.

26. Upon information and belief, that at all times herein mentioned, the Defendants managed the Premises.

27. Upon information and belief, that at all times herein mentioned, the Defendants managed the Parks at the Premises.

28.     Upon information and belief, that at all times herein mentioned, the Defendants were in control of and were responsible for the Premises.

29.     Upon information and belief, that at all times herein mentioned, the Defendants were in control of and were responsible for the Parks at the Premises.

30.     Upon information and belief, that at all times herein mentioned, the Defendants supervised the maintenance, operation and/or control of the Parks at the Premises including the sidewalk, walkway and/or street where the accident occurred at the Premises.

31.     Upon information and belief, that at all times herein mentioned, it was the duty of the Defendants, their agents, servants, and/or employees to maintain the Premises and the Parks within the Premises, which the public was accustomed to and did travel within and around and otherwise use, in a safe, proper, lawful, and/or careful manner so that it would not be dangerous to persons lawfully upon the Premises and to keep the Premises free from defects, traps, and conditions constituting a danger and a menace to persons lawfully and properly thereon.

32.     Upon information and belief, that at all times herein mentioned, the Premises and the Parks at the Premises were opened to and for the use of the Public.

33.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were lawfully on the Premises.

34.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were lawfully in the Parks on the Premises.

35.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were lawfully on the Premises with the permission of the Defendants.

36.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were lawfully in the Parks on the Premises with the permission of the Defendants.

37.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were on the Premises with the permission of the Defendants.

38.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were in the Parks on the Premises with the permission of the Defendants.

39.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were licensees of the Defendants.

40.     Upon information and belief, on or about December 1, 2006, the Plaintiffs were invitees of the Defendants.

41.     Upon information and belief, on or about December 1, 2006, Defendants caused or contributed to Plaintiff's accident and injuries.

42.     Upon information and belief, on or about December 1, 2006, Defendants were aware of the condition or conditions, including but not limited to the misplaced plantings and/or flower pots in the Parks at the Premises that caused or contributed to Plaintiff's accident and injuries.

43.     Upon information and belief, on or about December 1, 2006, Plaintiffs were on the Premises.

44.     Upon information and belief, on or about December 1, 2006, Plaintiffs were in the Parks at the Premises.

45.     Upon information and belief, on or about December 1, 2006, Plaintiff was physically injured when as a result of the negligence of the defendant(s) and each of them, she was caused to trip and fall on defective and/or misplaced and/or not visible plantings and/or flower pots in the Parks at the Premises and specifically in the sidewalks, walkways and/or streets in the Premises.

46.     The Premises above stated was for the use of the general public at all times herein mentioned.

47.     Upon information and belief, at all times herein mentioned, the Defendants' servants, agents, and/or employees placed plantings and/or flower pots and/or other items in the sidewalks, walkways and/or streets at the Premises and/or the Parks at the Premises and did so in a negligent manner so that said plantings and/or flower pots and/or other items were not visible and/or otherwise placed in an improper manner and in doing so created a dangerous condition and/or allowed a dangerous condition to exist.

48.     Upon information and belief, on or about December 1, 2006, the Defendants, their

agents, servants, and/or employees negligently and carelessly maintained the Premises and the sidewalks, walkways and streets in the Premises in such a manner that same were caused to be, become, and remain in an unsafe, improper, and dangerous condition, which condition consisted of a trap and nuisance as well as a negligent and improper condition, of which defendant had due notice, or by the use of reasonable care and inspection thereon, might and should have had due notice.

49. The negligence of the defendants and each of them and their agents, servants and employees, consisted in, among other things, failing to properly maintain paths, sidewalks, walkways and/or streets; in failing to properly maintain the Premises including but not limited to the paths, sidewalks, walkways and/or streets; in failing to warn the plaintiff and/or others of the condition of the Premises including but not limited to the paths, sidewalks, walkways and/or streets; in failing to keep the Premises including but not limited to the paths, sidewalks, walkways and/or streets properly lighted and/or safely lighted for all conditions; in permitting the Premises including but not limited to the paths, sidewalks, walkways and/or streets to remain poorly and improperly lighted; in permitting the Premises including but not limited to the paths, sidewalks, walkways and/or streets to remain obstructed; in permitting flower pots to remain on the Premises including but not limited to on the paths, sidewalks, walkways and/or streets; in permitting planters to remain on the Premises including but not limited to on the paths, sidewalks, walkways and/or streets; in not exercising reasonable and proper control over the ownership, operation and maintenance of the Premises; in not providing adequate, safe, reasonable and/or sufficient walking areas in or about the paths, sidewalks, walkways and/or streets at the Premises; in failing to properly maintain the paths, sidewalks, walkways and/or streets; in failing to keep the paths, sidewalks, walkways and/or streets in condition for use in all conditions, in failing to warn the plaintiff and/or others of the condition of the paths, sidewalks, walkways and/or streets; in not exercising reasonable and proper control over the ownership, operation and maintenance of the Premises; in not providing adequate, safe, reasonable and/or sufficient walking areas in or about the paths, sidewalks, walkways and/or streets; in not fully

and/or completely cleaning the paths, sidewalks, walkways and/or streets; in not properly cleaning paths, sidewalks, walkways and/or streets; in not providing adequate, safe, reasonable and/or sufficient walking areas in or about the paths, sidewalks, walkways and/or streets; by not leaving other means of access, ingress and egress to and from the buildings at the Premises into the paths, sidewalks, walkways and/or streets; in allowing other obstacles to inhibit and prevent free access and egress of the paths, sidewalks, walkways and/or streets; in failing to adequately and properly maintain the paths, sidewalks, walkways and/or streets so that same may be properly and easily traversed upon by the Plaintiff and others; in allowing obstructions to remain on the paths, sidewalks, walkways and/or streets; in allowing obstructions, obstacles and other items to remain on paths, sidewalks, walkways and/or streets and in doing so preventing the Plaintiff and others from being able to properly use the paths, sidewalks, walkways and/or streets; and in being otherwise negligent, careless and imprudent under the circumstances.

50. The incident and resulting injuries and damages were caused by reason of the negligence of the defendants and each of them.

51. The incident and resulting injuries and damages were caused by reason of the negligence, carelessness and imprudence of the defendants and each of them and their wrongful acts and omissions.

52. There was no contributory negligence on the part of the plaintiffs contributing to the accident herein.

53. Defendants and each of them are jointly liable and not entitled to limited liability under Article 16 of the CPLR.

54. Defendants and each of them are jointly liable and not entitled to limited liability under Article 16 of the CPLR due to the exceptions to limited liability set forth in CPLR Sections §1601 and §1602.

55. Defendants and each of them are jointly liable and not entitled to limited liability under Article 16 of the CPLR due to the exceptions to limited liability set forth in CPLR §1602(2), which states, among other things, that the limitations on joint liability under Article

16 of the CPLR shall "not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict (i) the limitations set forth in section twenty-a of the court of claims act; (ii) any immunity or right of indemnification available to or conferred upon any defendant for any negligent or wrongful at or omission; (iii) any right on the part of any defendant to plead and prove an affirmative defense as to culpable conduct attributable to a claimant or decedent which is claimed by such defendant in the diminution of damages in any action; and (iv) any liability arising by reason of an non-delegable duty or by reason of the doctrine of respondeat superior."

56. Defendants and each of them are jointly liable and not entitled to limited liability under Article 16 of the CPLR due to the exceptions to limited liability set forth in CPLR §1602(7), which states, among other things, that the limitations on joint liability under Article 16 of the CPLR shall "not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others."

57. Defendants and each of them are jointly liable and not entitled to limited liability under Article 16 of the CPLR due to the exceptions to limited liability set forth in CPLR §1602(11), which states, among other things, that the limitations on joint liability under Article 16 of the CPLR shall "not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts of failures upon which liability is based; provided, however, that nothing in this subdivision shall be construed to created, impair, alter, limit, modify, enlarge abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant."

58. As a result of the aforementioned injury the plaintiff CHRISTINE BLITSTEIN was caused to become and still is sick, sore, lame and disabled; to sustain serious and severe personal and bodily injuries, broken bones and wounds to all parts of her body, shock, and other injuries of an internal and/or external nature, and scars; that she has been compelled to and will in the future be compelled to attempt to cure herself; that she has been incapacitated from and prevented from attending to her usual duties in that she has and is suffering great pain, discomfort, and torment; that she has and is suffering greatly; that she has been and will in the

future be required to expend sums of money for said medical and hospital care and other attention; that she was otherwise injured permanently, internally, externally, physically, and emotionally, all to her damage.

59. Upon information and belief, the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

60. That by reason of the foregoing, Plaintiff was injured in an amount to be determined by the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

61. Plaintiff repeats, reiterates and realleges each and every allegation made herein in the paragraphs numbered one (1) through Sixty (60) as if fully set forth at length herein.

62. The plaintiffs are husband and wife and at all times mentioned herein resided together.

63. By reason of the aforementioned injuries to CHRISTINE BLITSTEIN and, plaintiff ALLEN BLITSTEIN has been denied the services and consortium and companionship of his said spouse and has been responsible for and paid for medical, hospital and other bills.

64. Due to said loss of services and consortium and companionship of his wife, and other damages, plaintiff ALLEN BLITSTEIN has been damaged injured in an amount to be determined by the Court.

WHEREFORE, Plaintiffs demand judgment against the defendants and each of them in an amount to be determined by the Court, together with interest, costs and disbursements of this action.

Dated: White Plains, New York
       October 16, 2007

*Daniel S. Finger*
**FINGER & FINGER**
*A Professional Corporation*
Attorneys for Plaintiffs
158 Grand Street
White Plains, NY 10601
(914) 949-0308

## VERIFICATION

State of New York          :
County of ~~Westchester~~  :  ss.:
           Putnam

Christine Blitstein, being duly sworn, deposes and states:

    That deponent is the Plaintiff in this action. I have read the annexed Verified Complaint and know the contents thereof, the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and as to those matters, deponent believes them to be true. The basis of the knowledge and information is from the records and documents I have in my possession.

x _____
          CHRISTINE BLITSTEIN

Duly sworn to before
me this ~~September~~, 2007
    October 2, 2007

_____
Notary Public

    KAREN DeSALVO
Notary Public, State of New York
   County of Westchester
   Reg. No. 01DE6101043
Commission Expires Nov. 3, 2007

INDEX NO.:
SUPREME COURT: STATE OF NEW YORK
COUNTY OF PUTNAM

---

CHRISTINE BLITSTEIN,

                        Plaintiff,

-against-

THE WALT DISNEY COMPANY and THE WALT DISNEY
COMPANY d/b/a WALT DISNEY WORLD CO.,

                        Defendant.

*(PUTNAM COUNTY CLERK — 2007 OCT 19 AM 10:22)*

---

## SUMMONS AND VERIFIED COMPLAINT

*Finger & Finger, A Professional Corporation*
*Attorneys for Plaintiff*
158 Grand Street
White Plains, New York 10601
(914) 949-0308

---

To: _____ Attorneys for Respondents

Signature: _____ Rule 130-1.1-a
       DANIEL S. FINGER, ESQ.

---

_____ NOTICE OF ENTRY:  PLEASE TAKE NOTICE THAT THE WITHIN IS A TRUE COPY OF THE ORDER DULY ENTERED IN THE OFFICE OF THE CLERK OF THE WITHIN NAMED COURT ON _____,
_____.

_____ NOTICE OF SETTLEMENT:  PLEASE TAKE NOTICE THAT AN ORDER / JUDGMENT OF WHICH THE WITHIN IS A TRUE COPY WILL BE PRESENTED FOR SETTLEMENT TO THE HON. _____, ONE OF THE JUSTICES OF THE WITHIN COURT, AT SUPREME COURT, WESTCHESTRER COUNTY, ON _____ 200____, at 9:30 a.m.

Dated: White Plains, New York
       October 16, 2007

                                      Finger & Finger, A Professional Corporation
                                      Attorneys for Plaintiff
                                      158 Grand Street
                                      White Plains, New York 10601
                                      (914) 949-0308